NELSON v. BUCK.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1623.  Decided Nov. 10, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**513. FALSE REPRESENTATIONS.**

In action for damages for fraud in connection with the exchange of real estate, representations as to cost of building and as to rent which it produces, are representations of fact upon which buyer has a right to rely.

**225. CHARGE OF COURT.**

Where inconsistent charges are given, one of which is erroneous, and nothing appears in record to show which of inconsistent charges was accepted by jury, error in giving improper charge will be considered prejudicial and require reversal.

**465. ERROR.**

Error in inconsistent charges may be cured, under the General Code, in cases where the court is justified in giving a certificate of substantial justice.

Error to Common Pleas.
Judgment modified and affirmed.

M. L. Bigger and C. E. Smith, Columbus, for Nelson.

Donald Hamilton, John K. Kennedy, and J. M. Horner, Columbus, for Buck.

STATEMENT OF FACTS.

The action in the court below was brought by Buck against Nelson to recover damages for certain fraudulent misrepresentations as to the value of the property of Nelson taken by Buck in exchange. The action is based upon alleged fraudulent misrepresentations by Nelson that the business block so exchanged had cost him $15,000.00, was showing a rental amounting to ten per cent on a $12,000.00 investment, and that the tenants in the building were paying a rental at the rate of $100.00 a month in advance, that the tenants were good tenants, doing good business and had been prompt in payment of rentals. Buck retained the property acquired in the exchange and sued for the difference between the actual and the represented valuation.

BY THE COURT.

"The evidence as to the cost of the business block was competent, as it naturally tended to establish the value. It was a representation of fact upon which the buyer had a right to rely. So also the question of rentals was a question of fact and, there being evidence tending to prove misrepresentations in respect thereto, the misrepresentations were of fact, upon which the purchaser had a right to rely.

We have three statements of the trial court concerning the measure of damages. The written charge given at the request of the plaintiff is correct. So also the statement made at or near the conclusion of the general charge to the same effect is also correct. But the intermediate charge is incorrect, so that the case proceeded to the jury upon inconsistent charges. There is nothing in the record from which we can determine which of the inconsistent charges the jury followed. It has been decided by the Supreme Court that where inconsistent charges are given, one of which is erroneous, and nothing appears in the record to show which of the inconsistent charges were accepted by the jury, the error in giving the improper charge will be considered prejudicial and require a reversal. Montanari v. Haworth, 108 OS. 8.

This error, however, we regard to be, under the circumstances of the case, of a technical nature which may be cured, under the General Code, in cases where the court is justified in giving a certificate of substantial justice. We have carefully considered the record in this case upon the question of the amount of damages and are of the opinion that the amount returned is excessive in the sum of $1000.00. If the defendant in error will remit that amount from the judgment, a certificate of substantial justice will be allowed and the judgment will be affirmed. Otherwise, judgment will be reversed for error in the charge and also upon the ground that the verdict is excessive."

(Ferneding, Kunkle and Allread, JJ. concur.)