## ERTL et v. FABIAN et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9610. Decided Oct. 29, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**REAL ESTATE.**

(510 Dh) If person, owner of apartment house, for purpose of procuring purchaser, should fill house with dead heads, and say to prospective buyer that it was rented and rental was $283 per month, when as a matter of fact it was not anything to speak of, and tenants moved out as soon as apartment house was sold, such representation would be representation of fact upon which a right of rescission could be based.

Christian J. Bannick, Cleveland, for Ertl, et.
John S. Mudri, Cleveland, for Fabian, et.

HISTORY:—Action in Common Pleas by Ertl against Fabian, for cancellation of deed and contract. Petition held not to state cause

of action. Ertl brings error. Judgment reversed. No action in Supreme Court prior to publication date.

## STATEMENT OF FACTS.

This cause comes into this court on a petition in error to the Common Pleas Court, the purpose being to reverse the court below in sustaining an objection to the introduction of testimony, which in effect amounted to the sustaining of a demurrer to the petition, so the only question for us to determine is, did the petition state a cause of action?

It must be remembered that the petition prayed for the cancellation of the deed and contract and the restoring of two persons the plaintiff and the defendants in statu quo, and it was based upon fraudulent representations made by the defendant who is defendant in error here. There are many things in the petition which fall far short of representations upon which a person would have the right to rely, but we think there are representations of fact, and there is an allegation in the petition that the plaintiff relied upon them. These representations are (the building that was transferred to the plaintiff being an apartment house containing I do not know how many suites) that the suites were all occupied and the rental was $283.00 per month, and the pleader went on to allege as a matter of fact that the suites were merely occupied by sleeping tenants; that is, tenants who were induced to go into the apartment house for the purpose of making it appear that it was rented in order to deceive a purchaser in that he was buying an apartment house that was a paying proposition.

VICKERY, J.

What the evidence might show how far the plaintiff relied upon the representations of the defendant, of course, could not appear at this stage of the lawsuit, but we apprehend that if a person, an owner of an apartment house, for the purpose of procuring a purchaser, should fill that apartment house with dead heads and say to the prospective buyer that it was rented and the rental was $283.00 a month, when as a matter of fact it was not anything to speak of and the tenants moved out as soon as the apartment house was sold, that such a representation would be a representation of fact upon which a right of rescission could be based.

We are supported in that view by the decision of the Court of Appeals of the Second District in the case of Nelson v. Buck, reported in Volume 6 of The Ohio Law Abstract, page 279, May 5, 1928, but aside from this it seems almost incredible but that a person deceived by such misrepresentations should not have relief.

Of course, what the evidence will show in this case we do not know, but we think the petition stated a cause of action, and for that reason the judgment of the Common Pleas Court will be reversed and the cause remanded to the Common Pleas Court with directions to overrule the objection to the admission of testimony, or, in other words, to overrule the demurrer and try the case upon its merits.

(Sullivan, P.J., and Levine, J., concur.)