**STEINER, Plaintiff-Appellant, v. ROBERTS et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23456. Decided December 21, 1955.

392

Edward I. Wallach, Leon J. Weiner, Cleveland, for plaintiff-appellant.
John H. Bever, William H. Rosenfeld, Cleveland, for defendants-appellees.

(HUNSICKER, J, DOYLE, J, of the Ninth District, MIDDLETON, J, of the Third District, sitting by designation in the Eighth District.)

### OPINION

By HUNSICKER, J:

This is an appeal on questions of law.

The action was commenced in the Court of Common Pleas of Cuyahoga County, seeking damages for an alleged misrepresentation in the sale of real property, purchased by plaintiff, Steiner, from the defendants Roberts and Turner.

In 1947, appellees Ivan H. Roberts and Melvin Turner were the owners of a four-suite apartment in Cleveland, Ohio. They each occupied one suite in the apartment building. They employed a real estate broker, one John Toby Drake, to sell this property. Mr. Drake procured Mr. Steiner as the purchaser, and ultimately a sale was consummated.

Mr. Steiner was told that each suite rented for $45 a month, or a total of $180 a month for the entire property. It is a fact that each tenant of the apartment, as well as each owner-occupant, paid $45 a month for the suite he rented.

At the time of the sale, there was in force and effect the Federal Housing and Rent Act of 1947, which established maximum prices for rental housing accommodations within the city of Cleveland, Ohio, including the four-suite apartment involved in this case. The legal maximum rental, under the Federal Housing and Rent Act of 1947, was $35 a month per suite, or a total maximum of $140 a month for the entire property.

Steiner said he relied solely, in the purchase of this apartment building, on the representation that the property was being rented for its true legal maximum rent, and he made no inquiry to determine the true facts. Mr. Steiner, after the purchase of the apartment, continued to

collect $45 a month for each suite, but later, when the tenants vacated the premises, was sued by the tenants for the difference between the rent collected by him and the legal maximum rental as fixed by the Federal Housing and Rent Administration. The tenants recovered from Mr. Steiner damages for the excessive rent so collected by him.

Mr. Steiner brought his action against the owners, the other two tenants (one of whom was related to Turner), and the real estate broker, John Toby Drake. One tenant-defendant was eliminated on the pleadings, and one tenant-defendant was voluntarily dismissed by counsel for Mr. Steiner. The broker, John Toby Drake, although served with a summons, did not answer or otherwise plead, and was not present at the trial.

Mr. Steiner, in his second amended petition, said, in part, that—

"* * * the defendants Roberts and Turner have conspired and combined with the other defendants herein to deceive and defraud this plaintiff, and, by various representations have misled this plaintiff and caused this plaintiff to suffer damages. * * *"

After the presentation of all of the evidence, the trial court, before submitting the issue to the jury, dismissed the action against the co-owner Turner, and the defaulting real estate broker-defendant, Drake, and directed the jury to return a verdict in favor of Turner and Drake. Judgment was entered on the action so taken by the trial court.

The claim as against the defendant Roberts was presented to the jury, and a verdict was rendered by such jury in favor of Roberts. It is from the judgment rendered on this verdict, and the judgment directing a verdict as to Turner and Drake, that an appeal is lodged in this court.

Steiner claims the trial court committed the following errors:

"1. In dismissing plaintiff's case against the defendant John Toby Drake, who was in default of answer or other pleading, contrary to the statutes.

"2. In granting judgment and directing the jury to return a verdict in favor of the defendant John Toby Drake.

"3. In failing to give judgment to the plaintiff or directing the jury to return a verdict in favor of the plaintiff against the defendant John Toby Drake, as provided by the statutes of the State of Ohio.

"4. In failing to reinstate the said John Toby Drake as a defendant upon plaintiff's subsequent motion.

"5. In dismissing plaintiff's case against the defendant Melvin Turner.

"6. In directing the jury to bring in a verdict in favor of the defendant Melvin Turner.

"7. In failing to reinstate the plaintiff's case against the defendant Melvin Turner, upon plaintiff's motion therefor.

"8. In charging the jury that they might consider whether the plaintiff, by the exercise of ordinary care and prudence, could have discovered the falsity of the alleged representations; and, if so, whether he neglected to use such care as he should have used to discover them; that if he did not use ordinary care to discover such falsity, they must find for defendant.

"9. In so charging, in spite of the fact that there was not one word of evidence that such representation could have been verified in any way, whether or not known to or brought to plaintiff's attention.

"10. In refusing to charge, as requested by plaintiff, that plaintiff was excused from making any further investigation when a material representation of a specific fact was made to him.

"11. In failing to charge, as requested by plaintiff, that plaintiff was entitled to rely upon the presumption that the rents represented as being charged were at the legal maximum.

"12. In permitting questions and answers by the successful party relative to rent litigation between the plaintiff and one Hahn, which occurred more than a year and a half after the fraudulent transaction alleged in plaintiff's petition, such testimony being completely prejudicial and irrelevant.

"13. In failing to sustain objections to irrelevant cross-examination, clearly intended to excite the prejudices of the jury.

"14. In failing to take any action whatsoever when defense counsel in final argument went beyond the record.

"15. In failing to charge the jury correctly on the question of attorney fees.

"16. Other errors appearing from the record.

"17. In failing to grant a new trial."

The evidence is in very great conflict as to the statements made by Drake and Roberts to Steiner, concerning the rent received and the legal maximum rent fixed by the Federal Housing and Rent Administration. Mr. Steiner said he did not discuss any of the matters relating to rent or to the sale of the premises with the co-owner Turner, nor with the tenants; but that all of his talk was with Drake, the real estate broker, and the co-owner Roberts.

Roberts testified that: he told Steiner he was receiving $45 a month per suite; he had trouble with the O. P. A. (the Federal Housing and Rent Administration); the legal rent was less than the amount paid by the tenants; he was preparing an application to be presented to the O. P. A. for an increase in rent, and that he would turn such papers as he had prepared over to Steiner, so he could complete the application. Roberts also testified that Steiner told him that he had had trouble with the O. P. A. on other property he owned, and that he was not interested in that feature of the property.

Testimony was adduced from Steiner that he had had difficulty with the O. P. A. on other real property which he owned. Steiner admitted he had talked with Roberts about the O. P. A. in general, and that he had had difficulty with that agency.

There is not the slightest evidence of a conspiracy. The trial court properly dismissed the action as to the tenants and the co-owner Turner.

Since there was no evidence of conspiracy to defraud, was it proper to dismiss the action as to the defaulting defendant real estate broker, John Toby Drake?

In our consideration of this case, we will only discuss errors 1 through 4 and 8 through 11, since we do not find that the other claimed errors are prejudicial.

Secs. 2311.12 and 2323.10 R. C., deal with the matter of default judgments. The first section named has no application to the within action.

We think that the second section clearly makes it an act of judicial discretion on the part of the trial court to grant, without the taking of testimony or other evidence, a default judgment against a defendant who, after proper service of summons, fails to answer or otherwise defend the action brought against him, when that action is not one of those mentioned in §2311.12 R. C.

The authorities sustain the position that, in the situation herein, it was within the discretion of the trial judge to require proof before entering a judgment against a defaulting defendant. **Streeton v. Roehm, et al., 83 Oh Ap 148.** See also: **23 O. Jur., Judgments, pg 779, Sec. 456; 3 Freeman on Judgments (Fifth Ed.), Sec. 1277; 78 A. L. R. 938, et seq.**

There was no proof of conspiracy to defraud Steiner by Roberts and Drake, and there was no proof that Drake was guilty of misrepresenting the premises to Steiner. In such a situation, the trial court, in the exercise of its discretion, properly entered a judgment dismissing the action as to Drake.

We come now to a discussion as to claimed errors 8 through 11, which claimed errors relate to instructions to the jury.

The trial court told the jury:

"Also the law requires persons in their dealings with each other to exercise proper vigilance and to apply their attention to those particulars which may be supposed to be within the reach of their observation and judgment, and not to close their eyes to means of information which are accessible to them.

"It is the law that if the plaintiff, by the exercise of ordinary care and prudence, would have discovered the falsity of the alleged representations within a reasonable time, and he neglected to do so, then he cannot recover.

"* * *

"On the other hand, if plaintiff has proved these points, then you may ask further, and decide from the evidence whether it was possible for defendant Steiner, by the exercise of ordinary care and prudence, to have discovered the falsity of the alleged representations; and if so, whether he neglected to use such care as he should have used to discover them.

"If you find that the plaintiff, Mr. Steiner, could have used but did not use ordinary care to discover any false representations or concealment by the defendant, then your verdict must be for the defendant."

We must note here that the fraud in this case is not predicated upon a claimed misrepresentation as to the physical condition of real property, and the rule recently announced by this court in the case of Traverse, et al., v. Long, et al., Cuyahoga County case No. 23,441, does not necessarily apply in a situation such as we have in the instant case.

We are dealing herein with the rules which apply and the principles of law which govern when misrepresentations are claimed to have been made respecting a nonphysical aspect of the real property—to wit, income, which claimed misrepresentations, with respect to such subject, induced the vendee to purchase the land and building during the time when the Federal Housing and Rent Act of 1947 was in force and effect.

The rule in Ohio, with respect to a recovery for fraudulent repre-

sentation in the sale of property, was stated in the very early case of Wilkinson v. Root, Wright 686, to be that:

"If one purchases property on his own knowledge, he cannot recover for fraudulent representation of it, because he has not been deceived by it."

It also is a rule frequently stated that a purchaser has a right to rely on the statement of the vendor as to the income and profits of real property, and need not make an investigation to determine the truth or falsity of the representation so made.

Nelson v. Buck, 6 Abs 279; Ertl v. Fabian, 6 Abs 703; Shoffstal v. Elder, 1 Oh Ap 390 at p. 399; affirmed, Elder v. Shoffstal, 90 Oh St 265; 23 Am. Jur., Fraud and Deceit, Sec. 68; 27 A. L. R. 2d 41, et seq.

The trial court in the instant case said, in effect, that a purchaser who buys real property, relying on the statement of the seller, when he could have made an investigation to determine the true facts, is guilty of a lack of ordinary care to protect himself, and cannot recover damages for the fraudulent statement made by the seller

In 3 Restatement of the Law of Torts, Sec. 540, the rule in such cases is stated to be as follows:

"The recipient in a business transaction of a fraudulent misrepresentation of fact is justified in relying upon its truth, although he might have ascertained the falsity of the representation had he made an investigation."

There is no question but that a rent payment of $45 a month for each suite was being paid at the time the sale was made, but Roberts said he knew this was excessive and that he told Steiner it was excessive. Steiner denied that any such disclosure was made to him.

If we assume the truth of Steiner's testimony that he relied upon the representation as to income, was he not justified in so doing, and hence not required to investigate to determine the true facts?

Certainly, in such circumstances as we find in this case, a defrauded party does not owe to the party who defrauds him an obligation to use diligence to discover the fraud. A failure on the part of Steiner, under the facts herein, to use ordinary care to inquire from the tenants or elsewhere, could not defeat his right to recover.

In 3 Restatement of the Law of Torts, Sec. 529, the text says:

"A statement in a business transaction which, while stating the truth so far as it goes, the maker knows or believes to be materially misleading because of his failure to state qualifying matter is a fraudulent misrepresentation."

The comment following this text says, in explanation, that "A statement containing a half-truth may be as misleading as a statement wholly false. Thus, a statement which contains only those matters which are favorable and omits all reference to those which are unfavorable, is as much a false representation as if all the facts stated were untrue."

We believe that, when Steiner asked about the income from the apartment, Roberts was bound to disclose the true situation. Steiner had a right to believe that $45 was a legal rent under the terms of the Federal Housing and Rent Act of 1947.

We have, through our own research, discovered some cases with factual situations very similar to those we find in the instant case. Thus, in the case of Tucker v. Beazley, 57 A. 2d 191 (Municipal Court of Appeals for Dist. of Columbia), the court said, at page 193:

"Defendant therefore had no right to withhold from plaintiffs the highly material and important information that the $297 rental had not been lawfully approved. Though he was telling the literal truth, he was really telling only a half-truth. When he undertook to state the rental income he was bound by law to tell the whole truth without suppressing any material fact known to him. A half-truth may be as misleading as a statement wholly false."

See also: Borzillo v. Thompson, 57 A. 2d, 195; Fuhrman v. Farkas (Cal.), 222 P. 2d 105; Ceferatti v. Boisvert, 137 Conn. 280, 77 A. 2d. 82; 27 A. L. R. 2d 102, et seq.

In our review of the authorities, both in Ohio and elsewhere, it is apparent that, where a purchaser relies upon a positive statement of fact, with respect to the income which property produces, such purchaser is not required to investigate to determine the accuracy of the representation so made; but he may place full reliance upon the statement made to him by the seller.

We believe also that, where a statement with respect to rent is made to the purchaser, he is entitled to believe that the rent so received is a legal charge for the use of such premises.

In the instant case the charge of the court, which, in effect, placed a duty upon Steiner to investigate with respect to the truth or falsity of the representations as to the rent payments, imposed upon him a greater duty than the law requires, and, in the situation herein, constituted error prejudicial to his substantial rights.

The trial court was requested, at the conclusion of the charge to the jury, to instruct the jury with respect to the right of Steiner to rely on the statement of Roberts, if such statement was made by him, and that Steiner was not required to investigate concerning the rents being charged. The trial court was also requested, at the conclusion of the charge to the jury, to instruct the jury that Steiner had a right to rely on the presumption that the rents being charged were at the legal maximum. The trial judge refused such requests, and, in those respects, he committed prejudicial error in refusing to charge on those subjects above named, to which his attention was directed.

We therefore determine that, in the respects set out in this opinion, the trial court committed error prejudicial to the substantial rights of the appellant.

The judgment is reversed, and the cause remanded to the Court of Common Pleas for further proceedings.

Judgment reversed and cause remanded.

DOYLE, J, MIDDLETON, J, concur.