{¶ 11} I respectfully dissent. *Page 6 
 {¶ 12} Civ.R. 55(A) provides that the trial court has discretion to conduct a hearing if it deems a hearing "necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter." Thus, it is "discretionary with the trial court to decide if a hearing is necessary." Buckeye Supply Co. (1985), 24 Ohio App.3d 134, 136. In fact, "[i]t has always been within the discretion of the trial court to determine whether further evidence is required to support a claim against a defaulting defendant." Id., citing Dallas, 25 Ohio St. 635, and Streeton v. Roehm (1948), 83 Ohio App. 148. Hence, "a judge has discretion to require a party seeking default judgment to substantiate its claims with evidence prior to entering judgment." Mercury Fin. Co.,L.L.C v. Smith, Cuyahoga App. No. 87562, 2006-Ohio-5730, ¶ 11, citingX-Technology v. MJ Techs. Cuyahoga App. No. 80126, 2002-Ohio-2259.
 {¶ 13} Here, the trial court's reason for denying Discovers motion for default judgment was because Discover failed to provide any signed document evidencing Hicks' assent "to have an account." R.C. 1319.01
provides that "[a] cardholder who receives a credit card from an issuer, which such cardholder has not requested nor used, shall not be liable for any use made of such credit card which has not been authorized by such *Page 7 
cardholder[.]" This language means "that a cardholder wishing to avoid liability for charges incurred on an unsolicited credit card must not use the unsolicited credit card." Society Bank Trust v. Niggemyer (May 21, 1993), Sandusky App. No. S-92-5. Use of a credit card by the cardholder results in the cardholder's "liability for the charges made."Id. Thus, "[t]he key factor in this case * * * is not how the card was issued or obtained, but is whether the card was used by [the cardholder], thereby making [the cardholder] responsible for payment[.]"Id.
 {¶ 14} Discover alleged that Hicks applied for a Discover card in its complaint, but failed to produce a copy of the application. While Discover presented no formal application or other evidence documenting Hicks' assent to a Discover account, it did provide an account statement with a balance, indicating use of the card. Discover also attached an affidavit of a Discover account manager essentially stating that he has control over Discover's records and that the documents attached to the affidavit were true and accurate. However, no documents were attached to the affidavit in the record before this court.
 {¶ 15} The affidavit does state, in the caption, the credit card account number, the account balance and that Hicks is a "cardmember." However, nowhere in the affidavit does it state that Hicks assented to an account and *Page 8 
made purchases totaling the balance owed, or that Hicks otherwise authorized the use of the card. The trial court apparently believed that the mere fact that the account has an outstanding balance does not necessarily indicate that Hicks requested the card or authorized its use.[1] I do not believe that this is an abuse of discretion.
 {¶ 16} The court sought evidence, such as the application, receipt or anything evidencing Hicks' request for the account or his assent to the use of the card. Aside from mere allegations and facts showing only the amount of the balance and the fact that Hicks was the cardholder, no evidence of Hicks' request for the card or his use was presented. Therefore, I do not believe that the trial court's denial of the motion for default judgment amounts to an abuse of discretion.
 {¶ 17} Accordingly, I would overrule the first assignment of error and proceed to address the second assignment of error.
 {¶ 18} In the second assignment of error, Discover contends that the trial court erred when it entered judgment in favor of Hicks. I would sustain this assignment of error. On remand, I would instruct the trial court to *Page 9 
replace the judgment for Hicks with "a judgment dismissing the action[.]" Steiner v. Roberts (1955), 72 Ohio Law Abs. 391, 131 N.E.2d 238, 241.
 {¶ 19} Thus, I dissent.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only.
Kline, J.: Dissents with Dissenting Opinion.
[1] However, if the court accepted the allegations in the complaint as true, there is prima facie evidence that Hicks applied for the card and used the card. Paragraph one of the complaint states that Hicks "applied for a credit card account with the Plaintiff." Further, paragraph two of the complaint states that "[b]y use of the account, the defendant [Hicks] became bound by the terms in the agreement." Therefore, if the trial court had not exercised its discretion under Civ.R. 55, it could have entered judgment in favor of Discover. See Farmers MerchantsState Savings Bank v. Raymond Barr Enterprises, Inc. (1982),6 Ohio App.3d 43. *Page 1