HOBART BROTHERS COMPANY, APPELLEE, *v.* WELDING SUPPLY SERVICE, INC., APPELLANT.

(No. 84AP-974—Decided February 7, 1985.)

Zacks, Luper & Wolinetz Co., L.P.A., and *Michael Weisz*, for appellee.

*Stephen L. Becker*, for appellant.

WHITESIDE, J. Defendant, Welding Supply Service, Inc., appeals from a judgment of the Franklin County Municipal Court, and raises three assignments of error as follows:

"1. The trial court erred as a matter of law in overruling the defendant's Motion to Dismiss pursuant to *Civil Rule 41(B)(2)*.

"2. The trial court erred in finding for the plaintiff contrary to the applicability of *Ohio Revised Code § 1343.03*.

"3. The trial court erred in finding for the plaintiff contrary to the manifest weight of the evidence."

Welding Supply Service, Inc. was a distributor of products manufactured by plaintiff, Hobart Brothers Company, pursuant to a nonexclusive distributor agreement between the parties. This action involves a dispute over the amount of interest Hobart was entitled to charge Welding Supply upon past due accounts. The principal having been paid, Hobart brought this action for the interest claimed. Welding Supply contends that no rate of interest is specified in the agreement and, accordingly, the statutory rate applies. Hobart, on the other hand, contends that it is entitled to charge interest, which it called a "service charge," of two percent per month pursuant to its policy, and it added a statement to that effect to the invoices sent to Welding Supply in billing for accounts.

The parties agree that the applicable statutory provision is R.C. 1343.03(A) which provides that:

"(A) * * * [W]hen money becomes due and payable upon any * * * instrument of writing, [or] upon any book account * * * the creditor is entitled to interest at the rate of ten per cent per annum,[1] and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract." (Footnote added.)

The salient issue is whether there is a written contract between the parties prescribing the "rate of interest" to be charged, the issue being raised by the second assignment of error.

Hobart contends that the contract provides a rate of interest. Presumably, the trial court so found, although the trial court entered judgment without decision or explanation or even general findings as to the amount due plaintiff or the basis therefor.

The contract between the parties (plaintiff's Exhibit A) provides in section VII(b) that: "All sales made to Distributor by Hobart pursuant to the terms of this Agreement shall be subject to Hobart's then current Standard Terms and Conditions of Sale; a set of the Terms and Conditions of Sale in effect at the date of signing this Agreement is attached as Exhibit B." Paragraph 2(A) of the Terms and Conditions provides that: "All equipment parts and products sold by Hobart are shipped f.o.b. its plant and terms are net 30 days from date of shipment unless otherwise provided in Hobart's proposal or invoice. When an account becomes past due according to its terms, interest will be charged until paid."

Hobart contends that the language "unless otherwise provided in Hobart's proposal or invoice" permits it to provide the rate of interest on the invoice. We disagree. The otherwise-provided provision obviously refers to the first part of the same sentence with respect to shipments being f.o.b. Hobart's plant and the terms being net thirty days from

___

[1] Prior to July 5, 1982, the maximum interest rate under R.C. 1343.03(A) was eight percent.

144

date of shipment. There is no reasonable basis nor rule of construction for applying the otherwise-provided clause of the first sentence of paragraph 2(A) of the Terms and Conditions to the second sentence which refers to interest, even if such a provision would meet the written-contract requirement of R.C. 1343.03 (A).

The invoice does contain a provision, "TERMS: NET 30 DAYS, NO CASH DISCOUNT ALLOWED, PAYABLE IN U.S. FUNDS, F.O.B. TROY, OHIO, U.S.A." One of the invoices, admitted into evidence (plaintiff's Exhibit B), contains a notation added by typing to the invoice, "NOTE: REMINDER: TERMS — NET, 30 DAYS. INVOICES PAID AFTER 30 DAYS SUBJECT TO A SERVICE CHARGE, 2% PER MONTH OR ANY PART THEREOF." It apparently is this language that Hobart contends creates a written contract between the parties. However, the invoice in question refers to a payment having been made by Welding Supply without interest and the invoice is only for the interest, stating in part, "2% MONTHLY SERVICE CHARGE APPLIED ON JAN INVOICES FOR 2 MONTHS — $128.72," which is the amount of the invoice.

The printed portion of the invoice form contains no reference to interest or a rate of interest unless it is contained on the reverse side of the invoice form which is not in evidence since there is an indication, "NOTE: TERMS AND CONDITIONS ON THE REVERSE SIDE." There was evidence, however, that the terms and conditions on the reverse side of the invoice were identical to those attached to the contract between the parties, which did not specify a rate of interest.

Section VII(c) of the contract between the parties does state that the "Terms and Conditions of Sale shall be subject to revision by Hobart at any time and without notice," but there is no evidence that the terms and conditions were changed. In any event, a change in the terms and conditions to which the other party had not assented could not constitute a written contract specifying a rate of interest. In addition, section XV(a) of the agreement between the parties states that, "This Agreement constitutes the entire understanding between the parties * * * and supersedes all prior agreements and understandings between the parties, either written or oral, relating to that subject." Thus, by the express terms of the contract, there can be no side agreements with respect to a rate of interest.

For entitlement to a rate different than the statutory rate of interest to be charged, R.C. 1343.03(A) sets forth two prerequisites: (1) there must be a written contract between the parties; and (2) that contract must provide a rate of interest with respect to money that becomes due and payable. For there to be a written contract, there must be a writing to which both parties have assented. An oral statement or a statement on an invoice or bill to which the other party has not assented does not meet the requirement of R.C. 1343.03(A) as to the existence of a written contract between the parties. Here, there is a written contract between the parties but it does not specify a rate of interest. Instead, the contract specifies only the time at which interest will commence to be charged, namely, when the account becomes past due. The term "rate of interest" as used in R.C. 1343.03(A) refers to the percentage or amount of interest. Where, as here, the contract merely states that interest will be charged without specifying the percentage or amount of interest to be charged, the contract does not meet the requirement of R.C. 1343.03(A) that only a written contract providing a rate of interest to be charged differing from the statutory rate permits the charging of interest at a rate greater than that provided by the statute.

Since the contract between the parties did not specify a rate of interest with respect to past due accounts, Hobart was limited to the statutory rate of interest upon the accounts. The second assignment of error is well-taken. * * *■

For the foregoing reasons, * * * the second assignment of error is sustained, the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.

*Judgment reversed
and cause remanded.*

STRAUSBAUGH and NORRIS, JJ., concur.