## YAGER MATERIALS, INC., Appellee,

### v.

## MARIETTA INDUSTRIAL ENTERPRISES, INC., Appellant.

[Cite as *Yager Materials, Inc. v. Marietta Indus. Ent., Inc.* (1996), 116 Ohio App.3d 233.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 96CA05.

Decided Dec. 12, 1996.

*Cosenza & Underwood* and *George J. Cosenza,* for appellant.

*Atkinson & Burton* and *Thomas R. Atkinson,* for appellee.

---

STEPHENSON, Judge.

This is an appeal from a default judgment entered by the Common Pleas Court of Washington County, Ohio, awarding $4,504.62 to Yager Materials, Inc., plaintiff below and appellee herein, on its claim against Marietta Industrial Enterprises, Inc., defendant below and appellant herein. The following assignment of error has been presented for our review:

"The trial court was clearly in error by awarding judgment against the defendant/appellant in the sum of $4,504.62 with interest at twelve percent (12%) from October 31, 1995, plus costs of court."

The facts in this case are largely undisputed and are revealed in the record as follows. Appellee is a corporation doing business in Owensboro, Kentucky. Over a period of time, it sold approximately $95,000 worth of materials to appellant, which is a corporation doing business in Marietta, Ohio. Most of the costs for these materials were eventually paid. There does not appear to have ever been a written contract expressly delineating the terms of these sales. However, a

number of invoices sent by appellee to appellant contained the following language:

"A SERVICE CHARGE OF 1½% PER MONTH

(18% ANNUAL PERCENTAGE)

May be added to all balances thirty (30) or more days past due."

Appellee commenced the action below on August 4, 1995, alleging that appellant owed it in excess of $14,000 upon an account for limestone which it had sold and delivered to appellant's place of business. No answer was filed in response to this allegation, and so, on November 8, 1995, appellee moved for default judgment pursuant to Civ.R. 55. It was noted in the motion that appellant had made some partial payments on the account since the lawsuit had been initiated and, therefore, appellee was *reducing its demand for damages to $4,504.62.* Apparently, this amount was based on interest calculations which appellee had made with respect to the varying outstanding balances owed on the account.

Appellant then made its first appearance in the action and filed a memorandum in opposition to default judgment, arguing that there had never been an express agreement that it would pay a service charge and that no such charge had ever been paid in the past. The matter was thereafter submitted to the court for determination. On January 18, 1996, the court below issued its ruling that found that the previously cited language from the invoices "establishe[d] a written contract for the payment of interest as required by [R.C.] § 1343.03(A)." The motion was therefore granted, and the court awarded damages to appellee in the amount of $4,504.62 together with interest and court costs. A judgment to that effect was entered on January 29, 1996, and this appeal followed.

■ The sole issue before us is the proper interest rate to be applied in calculating interest charges owed by appellant on the various outstanding balances due appellee. The invoices sent to appellant specified that an eighteen percent per annum rate would apply for purposes of calculating services charges on all balances thirty or more days past due. It is provided in R.C. 1343.03(A) that a creditor is entitled to interest at the rate of ten percent per annum on any money due on an account "unless a *written contract* provides a different rate of interest * * *, in which case the creditor is entitled to interest at the rate provided in that contract." (Emphasis added.) The lower court found that the aforementioned statement of eighteen percent interest contained in appellee's invoices was sufficient to establish a written contract for a higher rate than is specified by statute. Appellant argues that this was error. We agree.

■ For entitlement to a rate different than the statutory rate of interest to be charged, R.C. 1343.03(A) sets forth two requisites: (1) there must be a written

contract between the parties, and (2) the contract must provide a rate of interest with respect to money that becomes due and payable. *P. & W.F., Inc. v. C.S.U. Pizza, Inc.* (1993), 91 Ohio App.3d 724, 729, 633 N.E.2d 606, 609; *Hobart Bros. Co. v. Welding Supply Serv., Inc.* (1985), 21 Ohio App.3d 142, 144, 21 O.B.R. 152, 153–154, 486 N.E.2d 1229, 1231–1232; see, also, *Sys. Data, Inc. v. Visi Trak Corp.* (1995), 72 Ohio Misc.2d 8, 10–11, 655 N.E.2d 287, 288–289. It is the first requirement, that there be a written contract between the parties, that is at issue in this case. Our colleagues on the Franklin County Court of Appeals have held that for there to be a written contract for purposes of R.C. 1343.03(A), there must be a writing to which both parties have assented. *Hobart Bros. Co., supra,* at 144, 21 O.B.R. at 153–154, 486 N.E.2d at 1231–1232. That court also ruled that "a statement on an invoice or bill to which the other party has not assented does not meet the requirement of R.C. 1343.03(A) as to the existence of a written contract between the parties." *Id.* This principle has subsequently been adopted and applied by other courts as well. See, e.g., *Olander & Brophy v. Northeastern Pools* (Jan. 7, 1991), Stark App. No. CA–8219, unreported, 1991 WL 6268; *Kut Kwick Corp. v. N. Dixie Parts & Serv., Inc.* (Apr. 21, 1988), Montgomery App. No. CA 10678, unreported, 1988 WL 38130. We agree with this proposition and apply it here.

The statements on appellee's invoices to the effect that an eighteen percent service charge would be assessed on past due balances was insufficient to establish a written contract for that rate pursuant to R.C. 1343.03(A). There is nothing in the record to indicate that appellant ever assented to that provision. Moreover, as the parties stipulated, there was no written agreement by appellant to pay any finance charge at all. Appellee is therefore relegated to the ten percent per annum rate specified in R.C. 1343.03(A) rather than the eighteen percent per annum rate which appears to have been applied below.

The assignment of error is accordingly sustained, and the judgment of the trial court is reversed. This case is remanded for further proceedings to calculate interest charges at the statutory rate.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, P.J., and KLINE, J., concur.