DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, United Collections, L.L.C., brings this cause on appeal from a default judgment granted in its favor against appellee, James Eugene Tucholski, a.k.a. "Chef Jim." The Maumee Municipal Court awarded appellant the amount due on an open collection account, plus attorney fees and the cost of collection, and interest at four percent per annum computed from the date appellee breached the underlying contract.
 {¶ 2} Appellant asserts a sole assignment of error:
 {¶ 3} "The Maumee Municipal Court erred as a matter of law to the prejudice of Appellant by failing to award interest at the contract rate of eighteen percent (18%) per annum from the date when money became due and payable on a book account." (Citations omitted.)
 {¶ 4} Appellant disputes the trial court's award of interest, citing R.C. 1343.03. Regarding the interest rate applied to accounts, the statute states in relevant part: "* * * [W]hen money becomes due and payable upon any * * * book account, * * * the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract. * * *" R.C. 1343.03(A) (as amended June 2, 2004).[1]
 {¶ 5} Appellant averred in its complaint that appellee breached the contract by failure to pay on April 1, 2002. Appellant attached to the complaint a "Statement of Account" which details the purchase transactions which appellee made from the vendor, Gordon Food Service. No transactions of credits appellee may have made toward the open account are listed in the statement. In its complaint, appellant also averred that the terms of the open account included interest on any unpaid balance computed at a rate of 18 percent per annum. No such term of interest appears on the statement of account, although transactions of interest computed were added to the account for each month following the last purchase transaction to April 1, 2002. No other written contract was attached to appellant's complaint.
 {¶ 6} Ohio Civ.R. 10 governs the form of pleadings. With respect to claims founded on written contracts, the rule requires the written contract to be attached to the pleading. "(D) Copy must be attached. — When any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading." Ohio Civ.R. 10(D).
 {¶ 7} "For entitlement to a rate different than the statutory rate of interest to be charged, R.C. 1343.03(A) sets forth two prerequisites: (1) there must be a written contract between the parties; and (2) the contract must provide a rate of interest with respect to money that becomes due and payable." Yager Materials v. Marietta Indus. Enters.
(1996), 116 Ohio App.3d 233, 235-236. For there to be a "written contract" for the purpose of R.C. 1343.03(A), "there must be a writing to which both parties have assented." Hobart Bros. Co. v. Welding SupplyService, Inc. (1985), 21 Ohio App.3d 142, 144. Only a written contract providing a rate of interest to be charged differing from the statutory rate permits the charging of interest at a rate greater than that provided by the statute. Id.
 {¶ 8} The statement of account appellant presented neither specifies a rate of interest, nor does it indicate that interest is a term of a contract to which appellee assented. Thus, the statutory rate of interest applies. This conclusion is not altered because a default judgment was granted and appellant prayed for interest at the rate of 18 percent. SeeMidway, Inc. v. Boehler's Enterprises, Inc. (1988), 45 Ohio Misc.2d 1, syllabus, limiting interest on a default judgment rendered upon an evidenced account to the statutory rate unless a written contract provides otherwise.
 {¶ 9} For the foregoing reasons, the judgment of the Maumee Municipal Court is affirmed. Costs to appellant. App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Singer, P.J., concur.
[1] H.B. 212 amended R.C. 1343.03, which had previously provided for interest on unwritten contracts at a rate of 10 percent per annum, with the term of interest on a written contract to govern over the statute.