OPINION
{¶ 1} Defendant-appellant, Steve Miller, appeals a decision of the Lebanon Municipal Court finding him liable to pay plaintiffappellee, Bunnell Electric, for work Bunnell performed on a construction project.
 {¶ 2} Miller contracted with Ameriwash, American Autowash, LLC and Chadrick Newdigate (the owners) to act as the contractor in building a car wash in Lebanon, Ohio. Bunnell acted as a subcontractor and performed the electrical work on the project. Miller paid Bunnell for some of the work it performed on the project. After completion of the project, Bunnell filed a complaint against Miller and the owners alleging that the company was not fully compensated for the work it performed. After a trial, the court found Miller liable to Bunnell in the amount of $7,688 and that Bunnell was entitled to 18 percent interest from September 2001, the date charges were invoiced.
 {¶ 3} Miller now appeals the trial court's decision and raises five assignments of error for our review. For ease of discussion, we begin with Miller's fifth assignment of error.
 App.R. 9 Statement of the Evidence {¶ 4} In his fifth assignment of error, Miller argues that the trial court erred in failing to comply with App.R. 9(C). On appeal, appellant attempted to obtain a transcript of the trial proceedings, but was only able to obtain a partial transcript due to problems with the audio recordings. He prepared a Statement of the Evidence as provided in App. R. 9, and submitted this statement to both Bunnell and the trial court. Neither Bunnell nor the trial court responded to the statement. In two separate orders, this court informed Miller that his statement did not comply with App.R. 9 because it was not approved by the trial court. Both times, Miller was given time to correct the statement by obtaining the trial court's approval.
 {¶ 5} Miller, however, responded to the second order with a motion for reconsideration, asking this court to include the statement as part of the record and to find that because the statement was filed by the trial court, it was approved by the trial court. This court responded by denying the motion for reconsideration, finding that it can not be assumed that a statement was approved by the trial court simply because it was filed. The statement of evidence was stricken from the record and Miller was again given time to file a conforming statement. No further action was taken.
 {¶ 6} In this assignment of error, it appears that Miller is again urging this court to find his statement of evidence was approved. We further note that his brief includes citations to the statement. To the extent that Miller argues for admission of the statement, this court has already ruled on its admission. The statement has been stricken from the record and will not be considered.
 {¶ 7} To the extent that Miller argues the trial court erred in not approving the statement, we find no merit to his argument. There is no indication that Miller did anything on the record to pursue the trial court's approval of the statement. An appellant has a duty to ensure the record is filed with the appellate court. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 19; App.R. 9(B). Although the trial court has a duty to act on a statement of the evidence submitted pursuant to App.R. 9(C), it is well-established that the sole appropriate remedy when a trial court fails to act is by an original action in mandamus, not by way of direct appeal. Duckworth v. Lutheran Medical Center, (Jan. 25, 1995), Cuyahoga App. Nos. 65738, 65995. Miller's fifth assignment of error is overruled.
 Manifest Weight Arguments {¶ 8} In his first and second assignments of error, Miller contends that determinations by the trial court were not supported by the manifest weight of the evidence. A party asserting error in the trial court bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. App.R. 9(B) ex-plicitly provides that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." Therefore, when an appellant claims that the trial court's judgment was against the weight of the evidence or unsupported by the evidence, appellant must include in the record all portions of the proceedings during which such evidence may have been presented. See Hartt v. Munobe, 67 Ohio St.3d 3, 7-8,1993-Ohio-177.
 {¶ 9} In this case, only a partial transcript was submitted. If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support.Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 409; In re Adoption ofFoster (1985), 22 Ohio App.3d 129, 131. Absent a full trial transcript, this court must presume the validity of the trial court's determinations and find appellant's first and second assignments of error not well-taken. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Therefore, Miller's first and second assignments of error are overruled.
 Prejudgment Interest {¶ 10} In his third and fourth assignments of error, Miller argues that the trial court erred in its decision regarding prejudgment interest. First, in the fourth assignment of error, he argues that the trial court's decision to award prejudgment interest was an abuse of discretion because the amount was not easily ascertainable, and not a sum certain.
 {¶ 11} Although the "liquidated-unliquidated" and "capable of ascertainment" tests were the prevailing standards in Ohio's appellate districts for a considerable period of time, the Ohio Supreme Court specifically rejected this rule of law nearly ten years ago in RoyalElec. Constr. Corp. v. Ohio State Univ., 73 Ohio St.3d 110, 1995-Ohio-131. Instead, the applicable test in awarding pre-judgment interest in a contract case is "has the aggrieved party been fully compensated?" Id. at 116; Fields Excavating, Inc. v. Western Water Co., Warren App. No. CA2004-04-047, 2004-Ohio-7143. Therefore, we find no merit to Miller's argument and his fourth assignment of error is overruled.
 {¶ 12} In his third assignment of error, Miller argues that the trial court erred in granting prejudgment interest at the rate of 18 percent per annum. The version of R.C. 1343.03(A) effective at the time of this case,[1] provided:
 {¶ 13} "[W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, * * * or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."
 {¶ 14} Therefore, for a rate other than the statutory rate of interest to apply, two prerequisites must be met: 1) there must be a written contract between the parties; and 2) the contract must provide a rate of interest with respect to money that becomes due and payable. HobartBros. Co. v. Welding Supply Serv., Inc. (1985), 21 Ohio App.3d 142,144; Chappell Door Co. v. The Roberts Group, Inc. (May 6, 1991), Fayette Co. App. No. CA90-09-013. "In order for there to be a written contract, `there must be a writing to which both parties have assented.'"Chappell at 9, quoting Hobart at 144.
 {¶ 15} The limited record in this case contains documentary evidence, including the contracts and invoices between the parties. Because the statute requires a written contract, we are able to review Miller's assignment of error despite the limited record in this case. In reAdoption of Foster (1985), 22 Ohio App.3d 129, 131 (only if it affirmatively appears from the partial record that the omitted evidence was not relevant to the trial court's decision will its absence be disregarded).
 {¶ 16} Bunnell argues that an invoice sent to Miller which, under the heading "Terms" states, "1.5% Over 30," created a contract between the parties to pay 18 percent interest per year on all amounts due over 30 days. No other documentary evidence supports an interest rate different from the statutory rate. In a similar case, the Tenth District found that "[a]n oral statement or a statement on an invoice or bill to which the other party has not assented does not meet the requirement of R.C.1343.03(A) as to the existence of a written contract between the parties." Hobart at 144. This principle has been adopted and applied by other courts. See, e.g., Yager Materials, Inc., v. Marietta IndustrialEnterprises, Inc. (1996), 116 Ohio App.3d 233 (citing cases from other courts adopting this rule). We agree with this line of reasoning and find that Bunnell was only entitled to statutory interest at the rate of 10 percent per annum. Therefore, the trial court erred in awarding 18 percent interest on the amounts due. Miller's third assignment of error is sustained.
 {¶ 17} In conclusion, we find that the trial court erred in awarding 18 percent interest instead of the statutory rate of 10 percent. The trial court's judgment entry is hereby modified to reflect that the interest rate on the award is 10%. The trial court's decision is affirmed in all other respects.
 Motion for Attorney Fees {¶ 18} Bunnell has filed a motion for attorney fees pursuant to App.R. 23, alleging that it is entitled to attorney fees and costs because the appeal is frivolous. The motion is denied.
 {¶ 19} Judgment affirmed in part and reversed in part.
Powell, P.J., and Walsh, J., concur.
Valen, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution. At the time this case was submitted, Judge Valen was a duly elected judge of the Twelfth District Court of Appeals.
[1] After this case was decided, R.C. 1343.03(A) was amended to provide that the applicable interest rate was based on the federal short-term rate.