DECISION AND JUDGMENT ENTRY
{¶ 1} On November 29, 2004, appellant, Ohio Receivables, LLC, filed a complaint against appellee, Michael J. Holtgrieve, in Maumee Municipal Court. The complaint stated appellant became the holder of a "promissory note" when it purchased appellee's "defaulted account" from Citifinancial, Inc. ("Citifinancial"). The complaint further stated that, due to appellee's default under the terms of the note, appellant is entitled to damages in the amount of the unpaid principal, "plus interest at 25.00% per annum since * * * November 22, 2004 * * *." Attached to the complaint was a copy of a document titled "Disclosure Statement, Note and Security Agreement," executed by appellee and Citifinancial on December 19, 1999, in which Citifinancial agreed to loan appellee $2,363.78 dollars at 25 percent interest, to be paid in 30 installments.
 {¶ 2} Appellee did not file a responsive pleading. On February 2, 2005, appellant filed a motion in which it asked the trial court for "a default judgment against [appellee] for the [unpaid] principal sum of $682.37, plus accrued interest in the amount of $403.74 through January 31, 2005, plus interest at the contract rate of $25.00% per annum pursuant to Section 1343.03(A) of the Ohio Revised Code, from the last interest date of January 31, 2005 * * *."
 {¶ 3} On February 9, 2005, the trial court granted appellant's motion for a default judgment. However, the trial court, sua sponte, reduced the amount of post-judgment interest to be paid after January 31, 2005, to five percent per annum.
 {¶ 4} On February 24, 2005, appellant asked the trial court to correct its judgment entry to reflect a 25 percent post-judgment interest rate. In support, appellant argued it is entitled to the interest rate agreed to by Citifinancial and appellee, i.e., 25 percent, pursuant to R.C.1343.03(A). The trial court summarily denied appellant's request the same day. A notice of appeal was filed on March 7, 2005.
 {¶ 5} Appellant sets forth the following as its sole assignment of error on appeal:
 {¶ 6} "The Trial Court erred in awarding Plaintiff-Appellant post-judgment interest at the rate of 5.00% instead of at the rate of 25.00% as provided for in the written contract signed by Defendant-Appellee."
 {¶ 7} On appeal, appellant asserts that, because appellee and Citifinancial agreed to an interest rate of 25 percent, appellant is entitled to post-judgment interest at that rate. In support, appellant relies on R.C. 1343.03(A) which provides, in relevant part:
 {¶ 8} "In cases other than those provided for in section 1343.01 and1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, * * * and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract. * * *."
 {¶ 9} Throughout these appellate proceedings, appellant attempts to characterize the promissory note as a "contract." Appellant then argues, pursuant to R.C. 1343.03(A), the "contract" rate of 25 percent should apply to post-judgment interest, instead of the default rate of 5 percent. Appellant's argument is in error, for the following reasons.
 {¶ 10} A review of the record shows the promissory note contains a paragraph titled "PROMISE TO PAY" which states, in relevant part, that:
 {¶ 11} "[i]f any part of the balance remains unpaid on the final payment date, Lender, at its option, may collect interest from and after maturity upon the then unpaid Amount Financed at the maximum ratepermitted by the then applicable law or, if no maximum rate is prescribed, then the rate of interest prevailing under this Disclosure Statement, Note and Security Agreement." (Emphasis added.).
 {¶ 12} It is undisputed that, at the time the trial court's judgment was filed, the rate of post-judgment interest allowed pursuant to R.C.5703.47 was five percent. That rate applies unless the parties have entered into a written contract providing a different rate of interest on money that has become due and payable. R.C. 1343.03(A); Hobart Bros. Co.v. Welding Supply Svc., Inc. (1985), 21 Ohio App.3d 142. {¶ 13} In this case, the "written contract," i.e., the promissory note executed by appellee and Citifinancial, allowed the 25 percent financing rate to applyonly if no "maximum rate" was permitted by applicable law. R.C. 1343.01(A), which sets maximum interest rates, limits the maximum allowable interest rate for promissory notes to "eight per cent per annum" in the absence of any statutory exceptions.[1]
 {¶ 14} This court has considered the entire record before the trial court and, on consideration thereof, finds appellant is allowed to collect post-judgment interest in the maximum statutory amount of eight percent, pursuant to R.C. 1343.01(A), 1343.03(A), and the stated terms of the promissory note. Accordingly, the trial court erred by granting appellant post-judgment interest at the rate of only five percent. Appellant's sole assignment of error is well-taken.
 {¶ 15} The judgment of the Maumee Municipal Court is hereby reversed, and the case is remanded to the trial court for further proceedings in accordance with this decision and judgment entry. Appellee is ordered to pay the costs of this appeal for which sum judgment is rendered against appellee on behalf of Lucas County and for which execution is awarded. See App.R. 24.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J. concur.
[1] R.C. 1343.01(B) provides several exceptions to the eight percent interest limitation established in R.C. 1343.01(A), the most notable of which are for certain mortgage loans, R.C. 1343.01(4), and business loans, R.C. 1343.01(6). However, due to the sparseness of the record both in the trial court and on appeal, we are unable to determine whether any such exceptions apply in this case.