OPINION
{¶ 1} This matter comes before the court upon three consolidated appeals. First, plaintiff-appellant, Gary L. Nunn, appeals from the trial court's entry of final judgment in favor of appellees, Christopher Cornyn, Barbara Horwitz, and the Spring Village Apartments, following a jury trial on his complaint alleging legal malpractice and other causes of action. Second, Nunn appeals from the trial court's decision and entry overruling his motion for attorney fees in connection with a dismissed counterclaim filed by Cornyn. Third, Cornyn cross-appeals from the trial court's decision and entry overruling his motion for summary judgment on Nunn's legal malpractice claim.
 {¶ 2} The present appeals stem from an eviction action Spring Village brought against Nunn, a tenant in one of its apartments, several years ago in Warren County Court. While representing Nunn in the eviction action, Cornyn filed a counterclaim and had the case transferred to Warren County Common Pleas Court. Horwitz represented Spring Village in defense of the counterclaim.
 {¶ 3} Nunn ultimately vacated the apartment and the matter proceeded to trial on Spring Village's claims for back rent and late charges and on Nunn's counterclaim for trespass, emotional distress, invasion of privacy, retaliatory eviction and breach of a landlord's duties. The case was heard by a magistrate, who awarded Nunn damages on his counterclaim totaling $8,025. The magistrate reduced this award by $1,800 to account for unpaid rent and late charges that Nunn owed Spring Village. The net result was a judgment in Nunn's favor for $6,225 plus interest and costs. After Nunn filed objections to the ruling, the trial court conducted its own evidentiary hearing, agreed with the magistrate's decision, and entered judgment accordingly. Nunn did not appeal.
 {¶ 4} Instead, Nunn commenced the present action in February 2004, alleging that *Page 3 
Cornyn had committed legal malpractice in his handling of the eviction proceeding. Nunn later filed first and second amended complaints, adding Horwitz and Spring Village as defendants and alleging, among other things, that they were liable for an unlawful entry into his apartment and the removal and destruction of his personal property after he vacated the premises. Cornyn also filed a counterclaim for attorney fees and expenses that Nunn allegedly owed him.
 {¶ 5} The trial court subsequently denied Nunn leave to file a third amended complaint to add claims against Cornyn for billing fraud and against Cornyn, Horwitz, and Spring Village under 42 U.S.C. 1983. It also sustained a Civ.R. 12(B)(6) motion filed by Horwitz, sustained a summary judgment motion filed by Spring Village, and overruled a summary judgment motion filed by Cornyn. After Cornyn voluntarily dismissed his counterclaim for attorney fees, the matter proceeded to a four-day jury trial on Nunn's legal malpractice claim. The jury returned a verdict in Cornyn's favor. The trial court later overruled Nunn's motion for attorney fees and expenses incurred in connection with Cornyn's voluntarily dismissed counterclaim. These timely appeals followed.
 {¶ 6} Nunn advances nine assignments of error in his two appeals. In his first assignment of error, he contends the trial court erred in entering summary judgment in favor of appellees Horwitz and Spring Village Apartments.[1] Aside from reciting the standards governing summary judgment, Nunn's appellate brief devotes one short paragraph to the merits of his argument. Therein, he simply asserts that Horwitz and Spring Village, allegedly acting without a valid court order, took possession of and destroyed personal property left in his apartment. *Page 4 
 {¶ 7} Upon review, we conclude that Nunn has not demonstrated any error in the trial court's dismissal of the claims against Horwitz or the entry of summary judgment in favor of Spring Village. In sustaining a Civ.R. 12(B)(6) motion filed by Horwitz, the trial court found, among other things, that Horwitz was immune from liability to Nunn because she was acting in her capacity as counsel to Spring Village. In support, the trial court cited Scholler v. Scholler (1984), 10 Ohio St.3d 98, which states that "[a]n attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously." Id. at paragraph one of the syllabus. Nunn's first assignment of error fails even to address the trial court's conclusion that Horwitz was immune from liability. Therefore, he necessarily has failed to demonstrate error in the trial court's dismissal of the claims against her.
 {¶ 8} With regard to Spring Village, Nunn cites his own affidavit to establish genuine issues of material fact as to liability for the removal and destruction of his personal property. In its December 22, 2005 summary judgment ruling, however, the trial court sustained Spring Village's motion to strike most of Nunn's affidavit, including the portions on which he relies. Nunn has not challenged that ruling on appeal. As a result, his affidavit does not establish a genuine issue of material fact for trial. Moreover, Nunn has completely failed to address the merits of the trial court's summary judgment ruling. The trial court noted that Spring Village sought summary judgment on claims against it for intimidation, trespass, invasion of privacy, conversion, and perjury. The trial court then found that intimidation was not a recognized cause of action in Ohio. It also found that Nunn's conversion claim was barred by collateral estoppel and that he could not obtain damages for the destruction of his personal property at the hands of Spring Village employees because he had recovered such damages in the prior *Page 5 
eviction action. With regard to trespass and invasion of privacy, the trial court found that Nunn had no cognizable claims because he voluntarily had vacated the apartment a year before the alleged trespass and had abandoned his personal property, which remained in the apartment during that time and which he conceded was worthless. The evidence presented during the eviction proceeding fully supported these conclusions. Finally, the trial court noted that Nunn's perjury claim stemmed from testimony given by Spring Village employees in the eviction action. The trial court observed that the judge hearing the eviction case had found some of the testimony not credible and, accordingly, had ruled in favor of Nunn. Therefore, the trial court found no damages flowing from the alleged perjury.
 {¶ 9} On appeal, Nunn addresses none of the foregoing findings by the trial court. The only substantive argument in his first assignment of error is an assertion that "the Appellees took possession of and destroyed all of appellant's property without a valid court order." This conclusory argument does not address any of the grounds for summary judgment relied on by the trial court. Therefore, Nunn has failed to demonstrate any error in the trial court's summary judgment ruling. The first assignment of error is overruled.
 {¶ 10} In his second assignment of error, Nunn asserts that the trial court erred in overruling his motion for leave to file a third amended complaint. As noted above, the proposed third amended complaint sought to add two claims. The first appears to have been a claim against Cornyn for fraudulent billing in the eviction action.[2] The second was a claim against Cornyn, Horwitz, and Spring Village, alleging liability under 42 U.S.C. 1983.
 {¶ 11} In support of his motion for leave to file the third amended complaint, Nunn asserted that he had "completed extensive discovery in [the] case giving rise to additional *Page 6 
facts and causes of action that must be alleged." The trial court provided the following explanation for overruling the motion:
 {¶ 12} "In this instance, Plaintiff proposes to file a fourth iteration of his Complaint. The case had been pending nearly a year at the time Plaintiff sought leave to file his third amended complaint, and at the present time, the case has been pending nearly two years. It appears that extensive discovery has taken place based upon claims brought in Plaintiff's second amended complaint. The further delay of proceedings that will necessarily follow the addition of new claims at this point is unjustified in light of the fact this would be Plaintiff's fourth complaint. The motion is denied."
 {¶ 13} On appeal, Nunn points out the liberal amendment policy under Civ.R. 15 and stresses that delay itself generally is insufficient to justify denying leave to amend. Having reviewed the record and the trial court's ruling, however, we find no abuse of discretion in the denial of leave to file a third amended complaint.
 {¶ 14} In his January 10, 2005 motion for leave to amend, Nunn asserted that "extensive discovery" had uncovered additional facts warranting the filing of yet another complaint. This discovery included the taking of Cornyn's deposition on November 29, 2004. But the fraudulent billing allegations in the third amended complaint were known to Nunn much earlier than his January 2005 motion or the taking of Cornyn's deposition in November 2004. Indeed, in a May 12, 2004 response to Cornyn's counterclaim for attorney fees and costs, Nunn alleged, as a defense, that Cornyn had "fabricated a claim of entitlement to a fee." Nunn also asserted that "the actions of Defendant Cornyn in claiming the fee he claims in his Counterclaim rise to the level of fraud in that Defendant Cornyn knows that he is not entitled to the amount claimed by any contract terms and has intentionally and wrongfully attempted to extract that amount from Plaintiff without legal basis." Additionally, Nunn *Page 7 
contended that Cornyn had "intentionally misrepresented the work he performed" and had "come forward to claim a fee an effort to intimidate Plaintiff into dismissing his original lawsuit * * *." Finally, Nunn alleged that Cornyn was "attempting to collect money from Plaintiff under illegal pretense and through fraudulent misrepresentation of the facts." Notably, Nunn made these allegations just one month after filing his second amended complaint in April 2004.
 {¶ 15} Likewise, the allegations found in Nunn's 42 U.S.C. 1983 claim were known to him long before he sought leave to file a third amended complaint. The essence of the claim was that Cornyn, Horwitz, and Spring Village had deprived Nunn of his due process and property rights by removing and destroying his personal property after he vacated his apartment. We note, however, that the removal and destruction of Nunn's personal property occurred during the eviction proceeding and long before he commenced the present action. Moreover, in an earlier version of his complaint, Nunn alleged that Cornyn, Horwitz, and Spring Village were responsible for the unlawful entry into his apartment and the removal and destruction of his property. Therefore, the facts supporting Nunn's claim under 42 U.S.C. 1983 were known to him well before he sought leave to file a third amended complaint.
 {¶ 16} In short, Nunn plainly knew of Cornyn's alleged fraudulent billing around the time he filed his second amended complaint in April 2004. At that time, he also knew of the factual allegations needed to support a claim under 42 U.S.C. 1983. Nunn did not seek to file a third amended complaint, however, until January 2005. By then, Cornyn already had been deposed for six hours and, as the trial court and Nunn agreed, extensive discovery had taken place. In light of these facts, we cannot say the trial court abused its discretion in denying Nunn's motion for leave to file a fourth version of his complaint. Although delay alone generally will not justify denying leave to amend, Nunn previously had amended his original complaint two times. Moreover, denial of the motion was justified based on the fact *Page 8 
that substantial discovery already had occurred, the fact that Nunn could have asserted his claims earlier, and the fact that allowing the amendment likely would have necessitated additional discovery and motion practice, thereby resulting in actual prejudice to the defendants.Schweizer v. Riverside Methodist Hosp. (1996), 108 Ohio App.3d 539, 546. The second assignment of error is overruled.
 {¶ 17} In his third assignment of error, Nunn argues that the trial court erred in overruling his post-trial motion for attorney fees and expenses under R.C. 2323.51 and Civ.R. 11. This assignment of error concerns Nunn's attempt to recover attorney fees and expenses incurred in defending against Cornyn's counterclaim, which ultimately was voluntarily dismissed. Nunn argues that sanctions were appropriate under either the statute or the rule because Cornyn's counterclaim was frivolous and was filed merely for purposes of harassment.
 {¶ 18} Upon review, we find no error in the trial court's refusal to award Nunn attorney fees and expenses under R.C. 2323.51 or Civ.R. 11. The record reflects that Cornyn initially filed a counterclaim against Nunn to recover attorney fees owed to him for his representation of Nunn in the underlying eviction action. Although Nunn asserted that no valid fee contract existed, Cornyn sought compensation on the basis of quantum meruit. Cornyn cited Fox Assoc. Co., L.P.A. v. Purdon (1989),44 Ohio St.3d 69, for the proposition that "[w]hen an attorney is discharged by a client with or without just cause, and whether the contract between the attorney and client is express or implied, the attorney is entitled to recover the reasonable value of services rendered the client prior to discharge on the basis of quantum meruit." Id. at syllabus. In light of the fact that Cornyn obtained a largely successful outcome for Nunn in the eviction action and also prevailed against Nunn in the malpractice action, Cornyn asserts on appeal that he plainly provided a valuable service for Nunn and that, at a *Page 9 
minimum, he was entitled to compensation on the basis of quantum meruit. Although Cornyn dismissed his counterclaim prior to trial, he informed the trial court below that he did so not because the counterclaim was meritless but because he wanted to facilitate bringing the litigation to a close. Based on our review of the record, we believe the trial court reasonably could have concluded that the counterclaim was not frivolous and that no sanctions were warranted under R.C.2323.51 or Civ.R. 11. Nunn's third assignment of error is overruled.
 {¶ 19} In his fourth assignment of error, Nunn claims the trial court erred in showing bias and prejudice against him. In support, he cites an incident when the trial court addressed the jury after it returned its verdict and stated: "[F]or what it's worth to you the court believes you rendered a substantial justice in this case." Assuming, arguendo, that it were improper for the trial court to make this remark, Nunn does not even attempt to explain how it prejudiced him given that it occurredafter the jury returned its verdict.
 {¶ 20} Nunn also cites other unspecified "belligerent" conduct by the trial court and "problematic behavior" including "interruptions and criticisms of Plaintiff's witnesses[.]" Unfortunately, he has failed to address these alleged instances of bias and prejudice with any specificity or to indicate where in the record they are found. We note too that Nunn has provided us with very little of his trial transcript, making it impossible to determine whether any real bias and prejudice existed and, if so, whether it deprived him of a fair trial. Accordingly, we overrule the fourth assignment of error.
 {¶ 21} In his fifth assignment of error, Nunn maintains that the jury's verdict on his legal malpractice claim is against the manifest weight of the evidence. He argues that the evidence clearly supported a finding of legal malpractice and resulting damages. We note, however, that Nunn cites no specific evidence to support this claim. He simply recites the legal standards for a manifest-weight challenge and asserts that the jury's verdict is against *Page 10 
the weight of the evidence.
 {¶ 22} In any event, Nunn has failed to provide us with a sufficient record to conduct a manifest-weight review. "[W]hen an appellant claims that the trial court's judgment was against the weight of the evidence or unsupported by the evidence, appellant must include in the record all portions of the proceedings during which such evidence may have been presented." Bunnell Electric, Inc. v. Ameriwash, Warren App. No. CA2004-01-009, 2005-Ohio-2502, ¶ 8. The transcripts Nunn has provided contain almost none of the testimony from his four-day jury trial. Without the ability to review the testimony presented at Nunn's trial, we must presume the validity of the jury's verdict. Id. at ¶ 9. The fifth assignment of error is overruled.
 {¶ 23} In his sixth assignment of error, Nunn contends the trial court erred in awarding Cornyn $713.10 on a counterclaim that had been dismissed. This argument stems from a post-trial motion Nunn filed seeking the release of certain funds held on deposit by the clerk of court. The money had been paid on behalf of Spring Village to satisfy the judgment in favor of Nunn plus interest and costs in the underlying eviction action. In response to Nunn's motion, Cornyn asserted that he was entitled to $713.10 of the funds, as he "had paid for depositions which were recoverable as costs in the underlying action because they had been filed and became part of the evidence at the bench trials in [the eviction] case." The record contains an affidavit from Cornyn supporting his claim. Nunn responded that Cornyn's prior voluntary dismissal of his counterclaim for attorney fees and costs precluded recovery of the money. The trial court nevertheless found that Cornyn was owed $713.10 and awarded that portion of the funds to him with the remainder being released to Nunn.
 {¶ 24} Upon review, we find no error in the trial court's decision to award Cornyn $713.10 as reimbursement for deposition expenses he had incurred. Nunn's only argument *Page 11 
on appeal is that Cornyn forfeited any right to the money when he dismissed his counterclaim for unpaid attorney fees and expenses. We disagree. Although Cornyn dismissed his formal counterclaim, he also plainly requested, in response to Nunn's motion for release of the funds, that he be awarded his out-of-pocket expenses of $713.10. Nowhere in his sixth assignment of error does Nunn argue that Cornyn was not owed the money, and we find no error in the trial court awarding it to him. The sixth assignment of error is overruled.
 {¶ 25} In his seventh assignment of error, Nunn asserts that the trial court erred in failing to assure the availability of a full trial transcript. In support, Nunn has provided us with an affidavit in which he avers that he actually requested, but could not obtain, "a full and complete copy of parts of the transcript." (Emphasis added.) Correspondence attached to the affidavit reveals that what Nunn failed to obtain from the court reporter were portions of the trial transcript containing jokes the judge allegedly told during trial. Even if the jokes were told, however, Nunn's inability to obtain a transcript excerpt containing them does not constitute grounds for reversal, particularly where he failed to utilize App.R. 9(C), which provides a remedy when a transcript is unavailable. The seventh assignment of error is overruled.
 {¶ 26} In his eighth assignment of error, Nunn argues that the trial court erred in permitting a judge who was not assigned to the case to file an order staying the production of documents. This argument involves subpoenas Nunn filed to obtain Cornyn's bank records. Cornyn moved to quash the subpoenas three days later. That same day, Judge Neal Bronson filed an entry staying the production of documents pending resolution of the motion to quash the subpoenas. The judge assigned to the case, however, was Judge Ralph Winkler.
 {¶ 27} Approximately three weeks after the stay, Judge Winkler filed a decision and *Page 12 
entry dissolving the stay and sustaining Cornyn's motion to quash. Judge Winkler subsequently explained during a September 27, 2006 hearing that Judge Bronson had signed the stay entry for him as a "favor" because he was not available to do so. Even assuming, arguendo, that Judge Bronson should not have granted a temporary stay, we see no prejudice to Nunn, and certainly no reversible error, given that Judge Winkler subsequently dissolved the stay and quashed the subpoenas. The eighth assignment of error is overruled.
 {¶ 28} In his ninth assignment of error, Nunn claims the trial court erred in permitting an attorney not of record to disrupt his trial and in failing to declare a mistrial. This assignment of error concerns remarks made by Horwitz's attorney, Derrick Screnton, during her cross-examination. Screnton, who was not counsel of record in the case, interrupted the cross examination by saying, "Excuse me, your honor." He then identified himself as Horwitz's attorney. The trial court immediately proceeded to a side bar during which Screnton objected to the relevance of the questions Horwitz was being asked. The trial court did not directly rule on the objection but did express doubt about the relevance of the line of inquiry. The sidebar then ended and cross-examination resumed. The following day, Nunn's attorney unsuccessfully moved for a mistrial.
 {¶ 29} Upon review, we find no merit in Nunn's argument that the disruption by Screnton resulted in sufficient prejudice to require a mistrial. Screnton simply said, "Excuse me, your honor," and identified himself in open court. Although those actions resulted in a short side bar, we see nothing particularly prejudicial about the incident. The trial court did not abuse its discretion in denying the motion for a mistrial. The ninth assignment of error is overruled.
 {¶ 30} In his sole assignment of error on cross-appeal, Cornyn contends the trial court *Page 13 
erred in overruling his motion for summary judgment on Nunn's legal malpractice claim. In support, Cornyn argues that Nunn lacked sufficient expert testimony to allow the malpractice claim to go to trial. We note, however, that the jury returned a complete defense verdict, and we have found no reversible error with respect to the trial court's entry of final judgment in Cornyn's favor. Therefore, regardless of whether the trial court should have entered summary judgment in Cornyn's favor prior to trial, we overrule his assignment of error as moot.
 {¶ 31} Having overruled all assignments of error, we hereby affirm the judgment of the Warren County Common Pleas Court.
WOLFF, J., and FAIN, J., concur.
(Brogan, J., Wolff, J., and Fain, J., of the Second District Court of Appeals, sitting by assignment of the Chief Justice of Ohio, pursuant to Section 5[A][3], Article IV, of the Ohio Constitution.)
[1] As noted above, the trial court actually sustained a Civ.R. 12(B)(6) motion filed by Horwitz and entered summary judgment in favor of Spring Village.
[2] The precise nature of this claim is difficult to discern. It includes allegations that are not focused on one particular cause of action. For example, it includes assertions of extortion, mail fraud, breach of fiduciary duty, legal malpractice, retaliation, bad faith, and perjury. Based on our reading of the claim, however, it primarily appears to seek damages for fraudulent billing. *Page 1