JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Plaintiff-appellant, Terminal Tower, SPE., LLC ("Terminal Tower"), appeals the rate of interest on its judgment granted in the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse the lower court.
 I {¶ 3} On October 11, 2007, Terminal Tower filed suit in the Cuyahoga County Court of Common Pleas, Case No. CV-638474, to reduce to judgment the balance that remained due and owing to Terminal Tower under the terms of a lease agreement executed by defendant-appellee, Paul Kaufman ("Kaufman"), on August 22, 1990. Kaufman filed an answer in which he admitted the allegations set forth in Terminal Tower's original complaint as it pertained to execution of the lease, the amendments to the lease, and that he was liable for the rent and other charges as they accrued. The only affirmative defense raised by Kaufman pertained to an accounting of credits, charges, and interest added to the balance which remained due under the terms of the lease.
 {¶ 4} Terminal Tower filed a motion for summary judgment on January 22, 2008, which was unopposed and granted on March 28, 2008. The trial court entered judgment for Terminal Tower based upon an affidavit from an authorized representative of Terminal Tower attesting to the amount of damages, a signed copy *Page 4 
of the original lease agreement, signed copies of an assignment of the lease agreement, subsequent amendments to the lease agreement, and a copy of an account statement reflecting all amounts due and owing from May 17, 2007 through December 1, 2007.
 {¶ 5} The lower court found that there was no genuine issue of material fact and plaintiff was entitled to judgment as a matter of law. Judgment was entered in favor of Terminal Tower and against Kaufman for all rent and other charges due through December 6, 2007 in the amount of $36,785.42 plus interest thereafter at the rate of eight percent per annum from the date of judgment and costs.
 {¶ 6} The original lease agreement was executed on August 22, 1990 between Terminal Tower and Cooper, Spector Weil Co., L.P.A. A copy of the original lease was attached as Exhibit A to Terminal Tower's original complaint. The lease was subsequently assigned to Kaufman as amended effective December 1, 2004. The third amended lease agreement was attached to Terminal Tower's original complaint as Exhibit B.
 {¶ 7} The original lease agreement provides in paragraph three that the rent reserved and all other charges hereunder not paid by lessee when due shall bear interest at the rate of two percent per month commencing five days after notice of such delinquency. Rather than award Terminal Tower judgment for the 24 percent per annum rate provided in the original contract, the trial court awarded Terminal Tower only eight percent per annum. This appeal followed. *Page 5 
 II {¶ 8} Appellant's assignment of error states: "The sole assignment of error is whether the trial court properly granted summary judgment in favor of plaintiff for the legal rate of interest at 8% per annum instead of the contract rate of interest of 2% per month or 24% per annum from 12-6-2007."
 {¶ 9} It is generally presumed that the intent of the parties to a contract resides in the language they choose to employ in the agreement.Shifrin v. Forest City Ents., 64 Ohio St.3d 635, 1992-Ohio-28,597 N.E.2d 499. Only when the language of a contract is unclear and ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with special meaning, will extrinsic evidence be considered in an effort to give effect to the parties' intentions. Id. When the terms of a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language used by the parties. Id.
 {¶ 10} Ohio courts have held that higher interest rates are allowed when they are provided for in the contract. Classic Funding v.Burgos, Cuyahoga App. No. 80844, 2002-Ohio 6047; Ohio Sav. Bank v. RepcoElecs. (Aug. 13, 1998), Cuyahoga App. No. 73218. In order to be entitled to a rate different from the statutory rate of interest, two prerequisites must be satisfied: (1) there must be a written contract between the parties; and (2) the contract must provide a rate of interest with respect to money that becomes due and payable. P. W.F.,Inc. v. C.S.U. Pizza, Inc. (1993), *Page 6 91 Ohio App.3d 724, 729, 633 N.E.2d 606; see, also, Yager Materials,Inc. v. Marietta Indus. Ent, Inc. (1996), 116 Ohio App.3d 233, 235-236,687 N.E.2d 505; Hobart Bros. Co. v. Welding Supply Serv., Inc. (1985),21 Ohio App.3d 142, 144, 21 Ohio B. 152, 486 N.E.2d 1229.
 {¶ 11} In the case at bar, there was a written contract between the parties specifying interest at 24 percent. In addition to the actual lease, there were additional documents exchanged between the parties used as evidence in the lower court's decision.
 {¶ 12} We find appellant's argument to be well-founded. The record on appeal does not show the agreement to be unconscionable. There is a written contract between the parties covering the terms of the notes, as well as substantial evidence provided in the record indicating the terms.
 {¶ 13} Appellant's sole assignment of error is sustained.
 {¶ 14} Judgment is reversed on the sole issue of the rate of interest awarded. This case is remanded to the lower court to correct the journal entry to reflect 24 percent interest.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR *Page 1