[Cite as *Ohio Neighborhood Fin., Inc. v. Marsh* , 2010-Ohio-3163.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| OHIO NEIGHBORHOOD FINANCE, INC. dba CASHLAND | ) ) ) | CASE NO. 09 MA 164 |
| PLAINTIFF-APPELLANT | ) ) | |
| VS. | ) ) | OPINION |
| CRAIG MARSH | ) ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Area Court No. 3 of
Mahoning County, Ohio
Case No. 09 CV 181

JUDGMENT:     Reversed.  Modified.

APPEARANCES:

For Plaintiff-Appellant:     Atty. Steven W. Mastrantonio
Atty. M. Elizabeth Vollmar
Roderick, Linton, Belfance, LLP
1500 One Cascade Plaza
Akron, Ohio  44308

For Defendant-Appellee:     Craig Marsh, Pro se
166 W. Pennsylvania Avenue
Sebring, Ohio  44672

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  June 28, 2010

WAITE, J.

{¶1} Appellant Ohio Neighborhood Finance, Inc., dba Cashland, filed a complaint in Mahoning County Area Court No. 3 against Appellee Craig Marsh to collect on a delinquent short term loan. Appellee Craig Marsh borrowed $890.00 on February 27, 2009, and was required to repay $1,009.56 on March 13, 2009. The contract stated that the interest rate was 25%. Mr. Marsh failed to file an answer or otherwise appear in the case, and has not filed a brief on appeal. The court awarded default judgment to Appellant in the amount of $1,059.56, along with interest at the "legal rate" on the unpaid principal from the date of default, signifying the current statutory interest rate as established by R.C. 1343.03(A) and R.C. 5703.47(B), which was 5% for the 2009 calendar year. Appellant argues that the court should have awarded postjudgment interest at the contractual rate of 25% instead of applying the statutory interest rate of 5%. This case is based on a written contract, and when a written contract contains a legal rate of interest, that rate is used as the postjudgment interest rate. R.C. 1343.03(A). As there are no arguments to the contrary from Appellee, the judgment is hereby modified to reflect that Appellant is entitled to postjudgment interest at annual interest rate of 25%.

{¶2} Mr. Marsh borrowed $890.00 from Appellant on February 27, 2009. Appellee signed a contract to repay the loan by March 13, 2009. The rate of interest stated in the loan agreement is 25% per annum. Appellee did not repay the loan, and Appellant filed a complaint in the Mahoning County Area Court No. 3 on June 12, 2009, to collect the amount owed. Appellee was successfully served with notice of the complaint but failed to further appear in the matter. On August 21, 2009,

Appellant filed a motion for default judgment and on August 27, 2009, the court awarded default judgment. The judgment entry stated that $1,059.56 was awarded, "with interest at the rate of legal rate per annum on unpaid principal amount of $890.00 from date of default, attorney fees pursuant to RC 1232.57 and contract, and the costs of this action." (8/27/09 J.E.) The number "25%" is clearly crossed out on the judgment next to the handwritten words "legal rate."

{¶3} Appellant filed an appeal on September 18, 2009. Appellee has not responded to this appeal. Pursuant to App.R. 18(C): "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

<u>ASSIGNMENT OF ERROR</u>

{¶4} "The trial court erred as a matter of law in imposing the statutory interest rate post judgment where the written contract clearly provided for an agreed rate of interest in accordance with R.C. 1321.57."

{¶5} Appellant argues that Ohio law requires the trial court to apply the contractual rate of interest as the postjudgment interest rate when issuing a judgment in a breach of contract case. R.C. 1343.03(A) governs the calculation of

postjudgment interest. *Hartmann v. Duffey*, 95 Ohio St.3d 456, 2002-Ohio-2486, 768 N.E.2d 1170. R.C. 1343.03(A) states:

**{¶6}** "(A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, *unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.* * * *" (Emphasis added.)

**{¶7}** Since June 2, 2004, the statutory interest rate for judgments is calculated annually based on the federal short-term interest rate, rounded to the nearest whole number, plus three percent. R.C. 1343.03(A); R.C. 5703.47(B). Prior to that date, the statutory interest rate was specified directly in the statute at 10%.

**{¶8}** It is axiomatic in Ohio that, pursuant to R.C. 1343.03(A), a prevailing party is entitled to postjudgment interest at the rate contained in a written contract as mutually agreed by the parties, rather than at the statutory interest rate. *Capital Fund Leasing, L.L.C. v. Garfield* (1999), 135 Ohio App.3d 579, 582, 735 N.E.2d 23. As indicated in R.C. 1343.03(A), in order for a rate other than the statutory rate of interest to apply, two prerequisites must be met: (1) there must be a written contract

between the parties; and (2) the contract must provide a rate of interest with respect to money that becomes due and payable. *Hobart Bros. Co. v. Welding Supply Serv., Inc.* (1985), 21 Ohio App.3d 142, 144, 21 OBR 152, 486 N.E.2d 1229.

**{¶9}** There is no question that Appellee's debt became due and payable on March 13, 2009, and that the contract provided an interest rate of 25% per annum on the principal outstanding on the loan until paid in full.

**{¶10}** Appellant argues that it is a licensed lender of small loans, and as such, is permitted to charge interest for its loans as set forth in R.C. 1321.57 et seq. Appellant points out that it is legally permitted to charge up to 25% interest pursuant to R.C. 1321.571, which states: "[A] registrant may contract for and receive interest at any rate or rates agreed upon or consented to by the parties to the loan contract or open-end loan agreement, but not exceeding an annual percentage rate of twenty-five per cent." Appellant submits that the 25% interest rate in the loan contract is permitted by law, and that it is entitled to postjudgment interest at the same 25% rate contained in the loan agreement.

**{¶11}** We accept Appellant's argument. The reasoning Appellant is using in this appeal is the same reasoning adopted in other recent cases involving similar claims for postjudgment interest. *Ohio Neighborhood Finance, Inc. v. Evert*, 5th Dist. No. 09CA000034, 2010-Ohio-797 (trial court should have applied 25% contractual interest rate instead of statutory 5% rate); *Ohio Neighborhood Finance, Inc. v. Wilkinson*, 5th Dist. No. 09 CA000033, 2010-Ohio-796 (trial court erred in applying statutory rate instead of contract rate for postjudgment interest). In fact, we used the

same reasoning and reached the same result very recently in *John Soliday Fin. Group, L.L.C. v. Wetzl*, 7th Dist. No. 09-MA-04, 2010-Ohio-756. This case involved an installment car loan for $8,730 at an annual interest rate of 24.95%. Ms. Wetzl defaulted on the loan, and the lender received a judgment for the outstanding balance of $4,953. The trial court ignored the contract and applied the statutory interest rate of 8%. We found that there was a contract between the parties that specified an interest rate with respect to money that became due and payable, and we held that, pursuant to R.C. 1343.03(A), the lender was entitled to judgment at the contractual interest rate. Id. at ¶14.

**{¶12}** Appellant has established that it was entitled to postjudgment interest at the contractual interest rate of 25 percent, and the judgment of the trial court is hereby reversed and modified to reflect an interest rate of 25 percent. The second paragraph of the trial court's judgment will now read as follows: "IT IS THEREFORE, ORDERED and ADJUDGED, that the Plaintiff recover from the Defendant the sum of $1,059.56, together with interest at the rate of 25% per annum on unpaid principal amount of $890.00 from date of default, attorney fees pursuant to R.C. 1321.57 and contract, and the costs of this action."

Donofrio, J., concurs.

DeGenaro, J., concurs.